[Crim. No. 12677. Second Dist., Div. One. Feb. 6, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. DENNIS EUGENE LONGANECKER, Defendant and Appellant.

Robert A. Doyle, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Robert R. Granucci and Lawrence R. Mansir, Deputy Attorneys General, for Plaintiff and Respondent.

FOURT, J.—This is an appeal from a judgment of conviction, on several counts, of violation of the provisions of the Health and Safety Code.

In an information (No. 315196) filed in the Superior Court in Los Angeles County on December 16, 1965, Dennis Longanecker and Ruth Longanecker were charged with selling marijuana on October 10, 1965, in violation of the provisions of section 11531, Health and Safety Code; in count II with selling heroin on November 22, 1965, in violation of section 11501, Health and Safety Code; in count III with possessing heroin for sale on November 22, 1965.

In a second information (315199) filed in the Superior Court in Los Angeles County on December 16, 1965, Dennis Longanecker was charged in count I with selling a dangerous drug (amphetamine sulphate) in violation of the provisions of section 11912, Health and Safety Code; in count II with selling marijuana on October 25, 1965, in violation of the provisions of section 11531, Health and Safety Code; in count III with selling heroin on October 29, 1965, in violation of the provisions of section 11501, Health and Safety Code, in count IV with selling heroin on November 8, 1965, in violation of the provisions of section 11501, Health and Safety Code; in count V with selling heroin on November 11, 1965, in violation of the law. It was further charged that defendant previously had been convicted in Los Angeles County of a violation of section 11500, Health and Safety Code, in January 1959 and had

served a term in prison therefor and that in August 1961 defendant was convicted of a violation of section 11503, Health and Safety Code, and served a term therefor in the state prison.

Dennis pleaded not guilty and denied the charged prior convictions. On a proper motion and without objection the two informations were consolidated, the counts in information 315196 becoming additional counts in the 315199 information. A jury trial was waived and it was stipulated that the cause might be submitted upon the evidence and testimony taken and received at the two preliminary hearings, subject to the right to produce and offer further evidence. Dennis was found guilty as to each of the eight counts, and the charged prior convictions were found to be true. Dennis was sentenced to the state prison on each count, the terms to run concurrently. A timely notice of appeal was filed by him.

 A résumé of some of the facts is as follows: As to count I, on October 23, 1965, at about 9:30 p.m. appellant approached Wells, an undercover narcotics officer, and asked him for $10. Wells complied with the request and appellant promised to bring him something later. Appellant did not return and Wells went to appellant's house where appellant gave Wells a white paper packet containing 100 amphetamine pills. As to count II, on October 25, 1965, at about 8:15 p.m., agent Thompson, of the State Bureau of Narcotic Enforcement, was given two marijuana cigarettes by appellant. As to count III, on October 29, 1965, at about 12:10 a.m. appellant sold to agent Thompson a condom of heroin for $180. As to count IV, on November 8, 1965, at about 2 p.m. appellant told agent Thompson where he could find an ounce of heroin inside a cigarette package which was hidden in a parking lot outside of a bowling alley. Thompson retrieved the package which contained the heroin and paid appellant $180 therefor. As to count V, on November 11, 1965, at about 12:45 a.m. appellant gave agent Thompson four condoms containing heroin in exchange for $180. On November 22, 1965, at about 9 a.m. agent Thompson was in appellant's apartment and while there appellant displayed five condoms of heroin to Thompson. Thompson and appellant walked out of the apartment together and when they were about 30 to 40 yards from the apartment Thompson placed appellant under arrest and returned him to the apartment. Officer Costigan, of the Pasadena Police Department, arrived with arrest warrants for appellant and the woman who shared the apartment with him.

Appellant now asserts that the evidence with reference to the first five counts is insufficient to support the judgment with reference thereto. The recital of the evidence belies the contention.

The judgment is affirmed.

Wood, P. J., and Lillie, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 4, 1968. Peters, J., was of the opinion that the petition should be granted.